Erin Rae Espinosa v.
Charles L. Ryan, Director of the Arizona Department of Corrections
and
The Attorney General of the State of Arizona

Case No.

Appendix Exhibit "E" to
Petition for a Writ of Habeas Corpus
Under 28 U.S.C. § 2254 by a Person in State Custody
(Non-Death Penalty)

```
                                                  MICHAEL K JEANES, CLERK
                                                  BY
                                                     J. Harbaur    DEP
 1  RICHARD D. COFFINGER                              FILED
    ATTORNEY AT LAW
 2  6838 N. 58TH DRIVE                             15 JAN -2 AM 10: 16
    GLENDALE, AZ 85301
 3  STATE BAR ID #03040
    623-937-9214
 4  623-937-7072 (FAX)
    r.coffinger@gmail.com (email)
 5
 6  Attorney for Defendant
```

## IN THE SUPERIOR COURT

## MARICOPA COUNTY, STATE OF ARIZONA

| STATE OF ARIZONA, | ) | NO. CR2014-006004-001 DT |
|---|---|---|
| | ) | |
| | ) | **DEFENDANT'S NOTICE OF** |
| | ) | **REFILING HER MOTION TO** |
| Plaintiff, | ) | **STRIKE THE STATE'S ALLEGATION** |
| | ) | **OF OFFENSES COMMITTED WHILE** |
| vs. | ) | **RELEASED FROM CONFINEMENT** |
| | ) | **(PROBATION) THAT WAS FILED** |
| | ) | **IN THE PREVIOUS CASE THAT WAS** |
| ERIN RAE ESPINOSA, | ) | **DISMISSED WITHOUT PREJUDICE** |
| | ) | |
| Defendant. | ) | (Hon. Charles Donofrio) |
| | ) | (Status Conf: 1/2/15 at 10:30 a.m.) |

Defendant, ERIN RAE ESPINOSA, by and through undersigned counsel, gives notice of refiling, in the case at bar, her motion to strike the State's allegation of offenses committed while released from confinement and on supervised probation for prior convictions for two counts of aggravated driving while under the influence of intoxicating liquor, both class 1 misdemeanors committed at the same time, in case CR2009-126740-001 DT (Exhibit 1), previously filed in **CR2014-001538-001 DT**, which case was dismissed without prejudice on July 9, 2014, by Comm. Donofrio.

Defendant reurges, in the case at bar, the attached motion to strike previously filed in **CR2014-001538-001 DT,** as it relates to the "State's Allegation of Offenses Committed While Released from Confinement", which was electronically filed in the case at bar by DCA Richard Serden this date. This allegation is identical to the one DCA Serden filed on May 21, 2012, in **CR2014-001538-001 DT** (Exhibit 2).

The State failed to file a written response to defendant's motion to strike filed in the prior

case, pursuant to Rule 35.1, Ariz.R.Crim.P., which it was required to file within 10 days of being served with a copy of defendant's motion.

RESPECTFULLY SUBMITTED this 31st day of December, 2014.

*Richard D. Coffinger*
RICHARD D. COFFINGER
Attorney for Defendant

COPY of the foregoing emailed this
31st day of December, 2014, to:

Richard Serden
Maricopa County Attorney
301 W. Jefferson, Ste. 600
Phoenix, AZ 85003

*Richard D. Coffinger*

2

RICHARD D. COFFINGER
ATTORNEY AT LAW
6838 N. 58TH DRIVE
GLENDALE, AZ 85301
STATE BAR ID #03040
623-937-9214
623-937-7072 (FAX)
r.coffinger@gmail.com (email)

Attorney for Defendant

## IN THE SUPERIOR COURT

## MARICOPA COUNTY, STATE OF ARIZONA

| | | |
|---|---|---|
| STATE OF ARIZONA, | ) | NO. CR2014-001538-001 DT |
| | ) | |
| Plaintiff, | ) | **DEFENDANT'S MOTION TO STRIKE** |
| | ) | **STATE'S ALLEGATION OF** |
| | ) | **OFFENSES COMMITTED WHILE** |
| vs. | ) | **RELEASED FROM CONFINEMENT** |
| | ) | **(PROBATION)** |
| ERIN RAE ESPINOSA, | ) | |
| | ) | (Requests Oral Argument & Probable |
| | ) | Cause Hearing) |
| Defendant. | ) | (Comm. Phemonia L. Miller) |
| | ) | |

Defendant, ERIN RAE ESPINOSA, by and through undersigned counsel, moves this court to strike the State's allegation of offenses committed while released from confinement and on supervised probation for prior convictions for two counts of aggravated driving while under the influence of intoxicating liquor when a person under 15 years of age was in the vehicle, both class 1 misdemeanors committed at the same time in case CR2009-126740-001 DT. This motion is based upon the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

I. Factual Discussion

On September 28, 2010, in Maricopa County Superior Court in *State of Arizona v. Erin Rae Espinosa* in case CR2009-126740-001 DT (defendant's 2009 aggravated DUI convictions), based



upon the trial jury's verdicts of guilty, Comm./Judge Pro Temp Carolyn Passamonte entered judgments that defendant was guilty of Count 1, Aggravated DUI impaired to the slightest degree, while a person under 15 years of age was in vehicle; and Count 3, Extreme Aggravated DUI, while under the influence of intoxicating liquor, BAC above .15 while a person under 15 years of age was in vehicle, both committed on April 17, 2009, class 6 undesignated, non-dangerous, non-repetitive, felonies(Exhibit 1). Following her entry of judgments of guilt, Comm./Judge Pro Temp Passamonte also entered orders suspending the imposition of sentence, and placing defendant on supervised probation for a period of two years on both offenses, beginning September 28, 2010. The terms and conditions of defendant's probation included a 10 day term of incarceration in the county jail with two days credit for time served in pretrial incarceration along with a 20 day deferred jail term; fines totaling $1,380 (inclusive of surcharges); $250 DUI abatement fund; $1,500 Prison Construction and Operation Fund, pursuant to former A.R.S. §41-1651; and, $1,500 State General Fund, pursuant to A.R.S. §28-1383. On June 7, 2011, Comm./Judge Pro Tem Passamonte entered an order deleting the 20 day deferred jail term based on the petition to modify defendant's terms and conditions of probation dated January 5, 2011, which was filed by her then assigned supervising Adult Probation Officer (APO) DeAnna Collier.

On February 3, 2012, defendant's then assigned supervising APO David Kozak, filed separate petitions in connection with each of defendant's two Aggravated DUI offense convictions, pursuant to A.R.S. §13-924 (Exhibits 2 and 3), requesting court orders that she receive Earned Time Credit, which stated in part:

> While on probation, the defendant successfully completed the following special conditions: Substance abuse treatment, Victim Impact Panel and mental health evaluation. In addition, the defendant reported as directed, maintained employment or schooling, maintained a stable residence and paid Court monies in full.

> It is recommended the offense be designated a misdemeanor.
>
> Pursuant to A.R.S. 13-924, this Probation Officer recommends the Court adjust the probationer's period of supervised probation to reflect the award of 220 days earned time credit for being current with community restitution hours, current with Court Ordered Financial Obligations, and displaying positive progression toward the goals of the Case Plan of the months of March, April, May, June, July, August, September, October, November and December 2011, as well as January of 2012. If adjusted, the probationer's new Earned time Credit discharge date is February 19, 2012. [Emphasis supplied]

As to both APO Kozak's petitions for earned time credit, Comm./Judge Pro Temp Miller entered her orders dated March 7, 2012, which stated:

> It is ordered that the foregoing petition for earned time credit will be granted by this court 30 days from this date unless written objection thereto is filed not less than 72 hours before said date. A copy of this petition is herewith transmitted to the prosecuting attorney. [Emphasis supplied]

Neither the assigned trial prosecutor, Deputy County Attorney (DCA) Laura J. Freed, nor any other prosecutor from the Maricopa County Attorney's Office filed a timely objection to APO Kozak's petition for defendant to receive earned time credit.

On April 23, 2012, Comm./Judge Pro Temp Phemonia Miller entered separate orders discharging defendant from probation effective February 19, 2012, on both Counts 1 and 3, and further ordered that both charges be designated a class 1 misdemeanors (Exhibits 4 & 5).

II  Legal Discussion

The State's allegation of offenses committed while released from confinement is based on A.R.S. §13-708 C, which states:

> C.   A person who is convicted of any felony offense that is not included in subsection A or B of this section and that is committed while the person is on probation for a conviction of a felony offense or parole, work furlough, community supervision or any other release or escape from confinement for conviction of a felony offense shall be sentenced to a term of not less than the presumptive sentence authorized for the offense and the person is not eligible for suspension of sentence, probation, pardon or release from confinement on

3

any basis except as specifically authorized by §31-233, subsection A or B until the sentence imposed by the court has been served, the person is eligible for release pursuant to §41-1604.07 or the sentence is commuted. The release provisions prescribed by this section shall not be substituted for any penalties required by the substantive offense or provision of law that specifies a later release or completion of the sentence imposed before release. A sentence imposed pursuant to this subsection shall revoke the convicted person's release if the person was on release and shall be consecutive to any other sentence from which the convicted person had been temporarily released or had escaped, unless the sentence from which the convicted person had been paroled or placed on probation was imposed by a jurisdiction other than this state. For the purposes of this subsection, "substantive offense" means the felony, misdemeanor or petty offense that the trier of fact found beyond a reasonable doubt the defendant committed. Substantive offense does not include allegations that, if proven, would enhance the sentence of imprisonment or fine to which the defendant would otherwise be subject. [Emphasis supplied]

In *State v. Winton*, 153 Ariz. 302, 736 P.2d 386 (App. Div. 1 1987, Division 1 of the Arizona Court of Appeals held that a defendant on probation for an undesignated offense of theft at the time she committed attempted a computer fraud offense could be sentenced under this section where, although the court had authority to defer designating the theft offense as a felony until termination of probation, the offense was to be treated as a felony until otherwise designated.

In *State v. Martinez*, 172 Ariz. 437, 837 P.2d 1172, rev. den., cert den 113 S.Ct. 1601, 507 U.S. 992, 123 L.Ed.2d 163 (App. Div. 1 1992), Division 1 of the Arizona Court of Appeals held that the defendant was on probation for a felony offense at the time he committed the instant crimes, even though the undesignated offense for which he was convicted was not designated a felony until after the instant crimes were committed. The court's holding in both *Winton* and *Martinez* also precluded sentence enhancement for the commission of offenses while released from confinement, pursuant to A.R.S. §13-708 C, for one or more "open-end" offenses that were initially undesignated, but that were subsequently designated as a class 1 misdemeanor.

III <u>Conclusion</u>

Based on the foregoing, this court should strike the State's allegation of defendant's offense committed while released from confinement (probation), because defendant's release status on probation for offenses previously designated as class 1 misdemeanors may not be used to enhance a defendant's sentence in a subsequent felony case, pursuant to A.R.S. §13-708 C, which relief is sought by the State in its sentence enhancement allegation.

RESPECTFULLY SUBMITTED this 3rd day of June, 2014.

*/s/ Richard D. Coffinger*
RICHARD D. COFFINGER
Attorney for Defendant

COPY of the foregoing emailed this
3rd day of June, 2014, to:

Richard E. Serden
Deputy Maricopa County Attorney
301 W. Jefferson St., Ste. 600
Phoenix, AZ 85003

*/s/ Richard D. Coffinger*

Michael K. Jeanes, Clerk of Court
*** Filed ***
10/1/10 8:00 am

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR2009-126740-001 DT                                09/28/2010

                                                    CLERK OF THE COURT
COMMISSIONER CAROLYN K.                                C. Shapiro
PASSAMONTE
                                                       Deputy

STATE OF ARIZONA                              LAURA J FREED

ERIN RAE ESPINOSA (001)                       RICHARD D COFFINGER
DOB: September 19, 1972

                                              APO-SENTENCINGS-CCC
                                              APPEALS-CCC
                                              DISPOSITION CLERK-CSC
                                              RFR
                                              VICTIM SERVICES DIV-CA-CCC

SUSPENSION OF SENTENCE - PROBATION GRANTED

8:41 a.m.

Courtroom CRDU 1

State's Attorney:           Rene McGregor for Laura Freed
Defendant's Attorney        Richard Coffinger
Defendant:                  Present

A record of the proceedings is made by audio and/or videotape in lieu of a court reporter.

Count(s) 1 and 3: The Defendant was found guilty after a trial by jury.

IT IS THE JUDGMENT of the Court Defendant is guilty of the following:

Docket Code 109              Form R109B-04                         Page 1

EXHIBIT 1

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR2009-126740-001 DT                                              09/28/2010

OFFENSE: Count 1 Aggravated Driving or Actual Physical Control While Under the Influence of Intoxicating Liquor or Drugs
Class 6 Undesignated Felony
A.R.S. § 28-1381(A)(1), 28-1381, 28-1383(A)(3), 28-3001, 28-3304, 28-3305, 28-3315, 13-701, 13-702, and 13-801.
Date of Offense: April 17, 2009
Non Dangerous - Non Repetitive

OFFENSE: Count 3 Extreme Aggravated Driving or Actual Physical Control While Under the Influence of Intoxicating Liquor or Drugs
Class 6 Undesignated Felony
A.R.S. § 28-1383(A)(3), 28-1382, 28-3001, 28-3304, 28-3305, 28-3315, 13-701, 13-702, 13-801
Date of Offense: April 17, 2009
Non Dangerous - Non Repetitive

IT IS ORDERED suspending imposition of sentence and, under the supervision of the Adult Probation Department (APD), placing the defendant on probation for:

Count 1 Probation Term: 2 years.

To begin September 28, 2010.

IT IS ORDERED that probation in Count 1 shall run concurrent with probation in Count 3.

Count 3 Probation Term: 2 years.

To begin September 28, 2010.

IT IS ORDERED that probation in Count 3 shall run concurrent with probation in Count 1.

Conditions of probation include the following:

Condition 16 - Restitution, Fines, and Fees:

PROBATION SERVICE FEE: Count 1 - $65.00 per month, beginning November 1, 2010.

Docket Code 109                    Form R109B-04                         Page 2

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR2009-126740-001 DT　　　　　　　　　　　　　　　　09/28/2010

FINE Count 1 - Total amount of $1380.00, which includes surcharges of 84%, payable $25.00 per month beginning November 1, 2010.

Fine is to be paid to the Arizona Drug Enforcement Fund.

ASSESSMENTS:

Count 1: $250.00 to the DUI Abatement Fund, payable $5.00 per month, beginning November 1, 2010.

Count 1: PROBATION SURCHARGE: $20.00.

Count 1: $1500.00 to the Prison Construction and Operations Fund, payable $25.00 per month, beginning November 1, 2010.

Count 1: $1500.00 to the State General Fund pursuant to A.R.S. § 28-1383, payable $25.00 per month, beginning November 1, 2010.

Count 1: Time payment fee pursuant to A.R.S. § 12-116 in the amount of $20.00.

All amounts payable through the Clerk of the Superior Court.

Condition 1.7 - Not consume or drink any substance containing alcohol.

Condition 20 - Not remain in or return to the United States illegally if deported or processed through voluntary departure.

Condition 21 - Count 1 Be incarcerated in the county jail for 10 day(s), beginning September 28, 2010 with credit for 2 day(s) served.

Not to be released until October 6, 2010.

Report to the APD within 72 hours of release from jail. Comply with all program rules.

Defendant shall participate in Work Furlough.

Condition 21 - Count 3 Be incarcerated in the county jail for 10 day(s), beginning September 28, 2010 with credit for 2 day(s) served.

Not to be released until October 6, 2010.

Docket Code 109　　　　　　　　Form R109B-04　　　　　　　　　　　　Page 3

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR2009-126740-001 DT    09/28/2010

Report to the APD within 72 hours of release from jail. Comply with all program rules.

Defendant shall participate in Work Furlough.

The jail terms in Counts 1 and 3 shall run concurrently.

Condition 24 - Participate and cooperate in any counseling or assistance as directed by the APD as noted in the Uniform Conditions of Supervised Probation.

Count 3: Condition 26 - SUSPENDED SENTENCE: Be incarcerated in the county jail for 20 days beginning February 8, 2011.

Count 2 is a lesser included offense of Count 3, therefore,

IT IS ORDERED granting the Motion To Dismiss Count 2.

Count(s) 1 and 3: IT IS ORDERED remanding Defendant to the custody of the Maricopa County Sheriff.

8:55 a.m. Matter concludes.

This case is eFiling eligible: http://www.clerkofcourt.maricopa.gov/efiling/default.asp

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

COMMISSIONER CAROLYN PASSAMONTE

Date: September 28, 2010

No: CR2009-126740-001DT

STATE v. Erin R Espinosa

CLERK OF THE COURT
C. SHAPIRO
Deputy

Let the record reflect that the Defendant's right index fingerprint is permanently affixed to this sentencing order in open court.

(right index fingerprint)

_____
JUDICIAL OFFICER OF THE SUPERIOR COURT

Page 5



# SUPERIOR COURT OF THE STATE OF ARIZONA
## MARICOPA COUNTY

3/12/12 FILED 8:30 am
MICHAEL K. JEANES, Clerk
By E. Zuniga
Deputy

Division: CRDU1
Pros Atty: DCA
APO: David Kozak, WRC

THE STATE OF ARIZONA
vs.
**ERIN RAE ESPINOSA**
DOB: 09/19/1972

Case Number: **CR2009-126740-001-DT**

**PETITION FOR EARNED TIME CREDIT**

The defendant was formally judged guilty of the crime of **COUNT 1: AGGRAVATED DRIVING OR ACTUAL PHYSICAL CONTROL WHILE UNDER THE INFLUENCE OF INTOXICATING LIQUOR OR DRUG, A CLASS 6 UNDESIGNATED OFFENSE.**

Probation Start Date: 09/28/2010    Prob. Length: Two (2) year(s)    Standard

### EARNED TIME CREDIT SUMMARY:
While on probation, the defendant successfully completed the following special conditions: Substance abuse treatment, Victim Impact Panel and mental health evaluation. In addition, the defendant reported as directed, maintained employment or schooling, maintained a stable residence and paid Court monies in full.

It is recommended the offense be designated a misdemeanor.

Pursuant to A.R.S. 13-924, this Probation Officer recommends the Court adjust the probationer's period of supervised probation to reflect the award of 220 days earned time credit for being current with community restitution hours, current with Court Ordered Financial Obligations, and displaying positive progression toward the goals of the Case Plan for the months of March, April, May, June, July, August, September, October, November and December 2011, as well as January of 2012. If adjusted, the probationer's new Earned Time Credit discharge date is February 19, 2012.

**Victim Status:** There is no victim involved in this case.

Dated this 8 day of February, 2012.

Probation Officer David Kozak     Phone 602-372-5806
DK:jb/02/03/2012

[X] IT IS ORDERED that the foregoing petition for earned time credit will be granted by this court 30 days from this date unless written objection thereto is filed not less than 72 hours before said date. A copy of this petition is herewith transmitted to the prosecuting attorney.

[ ] IT IS ORDERED denying the petition for earned time credit at this time; however, the court will reconsider the order upon the defendant's completion of _____.

[ ] IT IS ORDERED denying the petition for earned time credit. The original expiration date is affirmed.

Dated this 7th day of March, 2012.

Judge of the Superior Court
Pro Tem Phemonia Miller

**PETITION FOR EARNED TIME CREDIT**

cc: Court (Original)    APD File    Defendant    Pros Atty.

APD Macros

EXHIBIT 2

Rev. 07/19/2011

**SUPERIOR COURT OF THE STATE OF ARIZONA**
**MARICOPA COUNTY**

FILED 3/12/12 8:30 am
MICHAEL K. JEANES, CLERK
By E. Zuniga, Deputy

Division: CRDU1
Pros Atty: DCA
APO: David Kozak, WRC

THE STATE OF ARIZONA
vs.
**ERIN RAE ESPINOSA**
DOB: 09/19/1972

Case Number: **CR2009-126740-001-DT**

**PETITION FOR EARNED TIME CREDIT**

The defendant was formally judged guilty of the crime of **COUNT 3: EXTREME AGGRAVATED DRIVING OR ACTUAL PHYSICAL CONTROL WHILE UNDER THE INFLUENCE OF INTOXICATING LIQUOR OR DRUGS, A CLASS 6 UNDESIGNATED OFFENSE.**

Probation Start Date: 09/28/2010    Prob. Length: Two (2) year(s)    Standard

**EARNED TIME CREDIT SUMMARY:**
While on probation, the defendant successfully completed the following special conditions: Substance abuse treatment, Victim Impact Panel and mental health evaluation. In addition, the defendant reported as directed, maintained employment or schooling, maintained a stable residence and paid Court monies in full.

It is recommended the offense be designated a misdemeanor.

Pursuant to A.R.S. 13-924, this Probation Officer recommends the Court adjust the probationer's period of supervised probation to reflect the award of 220 days earned time credit for being current with community restitution hours, current with Court-ordered Financial Obligations, and displaying positive progression toward the goals of the Case Plan for the months of March, April, May, June, July, August, September, October, November and December 2011, as well as January of 2012. If adjusted, the probationer's new Earned Time Credit discharge date is February 19, 2012.

**Victim Status:** There is no victim involved in this case.

Dated this 3rd day of February, 2012
DK:jb/02/03/2012
Probation Officer David Kozak    Phone 602-372-5806

☒ IT IS ORDERED that the foregoing petition for earned time credit will be granted by this court 30 days from this date unless written objection thereto is filed not less than 72 hours before said date. A copy of this petition is herewith transmitted to the prosecuting attorney.

☐ IT IS ORDERED denying the petition for earned time credit at this time; however, the court will reconsider the order upon the defendant's completion of _____.

☐ IT IS ORDERED denying the petition for earned time credit. The original expiration date is affirmed.

Dated this 7th day of March, 2012
Judge of the Superior Court
Pro Tem Phemonia Miller

**PETITION FOR EARNED TIME CREDIT**

cc: Court (Original)    APD File    Defendant    Pros Atty.

APD Macros

EXHIBIT 3

Rev. 07/19/2011

**SUPERIOR COURT OF THE STATE OF ARIZONA**
**MARICOPA COUNTY**

FILED
4/25/12 1:30 p.m.
MICHAEL K. JEANES, Clerk
By G. Kosaka
J. Kosaka, Deputy

Division: CRDU1
Pros Atty: DCA
APO: David Kozak, WRC

THE STATE OF ARIZONA
vs.
**ERIN RAE ESPINOSA**
DOB: 09/19/1972

Case Number: **CR2009-126740-001-DT**

**ORDER OF DISCHARGE FROM PROBATION**

The defendant was formally judged guilty of the crime of **COUNT 1: AGGRAVATED DRIVING OR ACTUAL PHYSICAL CONTROL WHILE UNDER THE INFLUENCE OF INTOXICATING LIQUOR OR DRUG, A CLASS 6 UNDESIGNATED OFFENSE.**

Probation Start Date: 09/28/2010    Prob. Length: Two (2) year(s)    Standard

Please see attached Petition for Earned Time Credit.

Dated this 3rd day of February, 2012    _____
DK:jb/02/03/2012                          Probation Officer David Kozak    Phone 602-372-5806

☒ IT IS ORDERED pursuant to Rule 27.4(A) or (B) that the defendant is hereby discharged from probation in this case effective **February 19, 2012.**

☐ THE COURT NOTES the defendant failed to comply with conditions _____

☒ IT IS ORDERED the undesignated offense: ☐ REMAIN UNDESIGNATED*; ☒ Be Designated a MISDEMEANOR
*Notice: The defendant may request misdemeanor designation for an undesignated offense; see A.R.S. 13-604. All requests must be submitted to the Court in writing and provide detailed reasons to support the request.

Dated this 23rd day of April, 2012    _____
                                       Judge of the Superior Court

PHEMONIA L. MILLER
COMMISSIONER/JUDGE PRO TEM

**ORDER OF DISCHARGE FROM PROBATION**

cc: Court (Original)    APD File    Defendant    Pros Atty.

APD Macros                                                    Rev. 07/19/2011

EXHIBIT 4

# SUPERIOR COURT OF THE STATE OF ARIZONA
## MARICOPA COUNTY

FILED 4/25/12 1:30pm
MICHAEL K. JEANES, Clerk
By J. Kosaka
J. Kosaka, Deputy

Division: CRDU1
Pros Atty: DCA
APO: David Kozak, WRC

THE STATE OF ARIZONA
vs.
**ERIN RAE ESPINOSA**
DOB: 09/19/1972

Case Number: **CR2009-126740-001-DT**

**ORDER OF DISCHARGE FROM PROBATION**

The defendant was formally judged guilty of the crime of **COUNT 3: EXTREME AGGRAVATED DRIVING OR ACTUAL PHYSICAL CONTROL WHILE UNDER THE INFLUENCE OF INTOXICATING LIQUOR OR DRUGS, A CLASS 6 UNDESIGNATED OFFENSE.**

Probation Start Date: 09/28/2010    Prob. Length: Two (2) year(s)    Standard

Please see attached Petition for Earned Time Credit.

Dated this 3rd day of February, 2012.
DK:jb/02/03/2012

Probation Officer David Kozak    Phone 602-372-5806

[X] IT IS ORDERED pursuant to Rule 27.4(A) or (B) that the defendant is hereby discharged from probation in this case effective **February 19, 2012.**

[ ] THE COURT NOTES the defendant failed to comply with conditions _____

[X] IT IS ORDERED the undesignated offense: [ ] REMAIN UNDESIGNATED*; [X] Be Designated a MISDEMEANOR
*Notice: The defendant may request misdemeanor designation for an undesignated offense; see A.R.S. 13-604. All requests must be submitted to the Court in writing and provide detailed reasons to support the request.

Dated this 23rd day of April, 2012

Judge of the Superior Court
PHEMONIA L. MILLER
COMMISSIONER/JUDGE PRO TEM

**ORDER OF DISCHARGE FROM PROBATION**

cc: Court (Original)    APD File    Defendant    Pros Atty.

APD Macros                EXHIBIT 5                Rev. 07/19/2011

Michael K Jeanes, Clerk of Court
\*\*\* Electronically Filed \*\*\*
E. Masis, Deputy
5/21/2014 4:29:06 PM
Filing ID 5889888

WILLIAM G MONTGOMERY
MARICOPA COUNTY ATTORNEY

Richard E Serden
Deputy County Attorney
Bar Id #: 012880
301 West Jefferson, 6th Floor
Phoenix, AZ 85003
Telephone: (602) 506-8506
Mcaomjc1@mcao.Maricopa.Gov
MCAO Firm #: 00032000
Attorney for Plaintiff

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| THE STATE OF ARIZONA, | ) |
| Plaintiff, | ) |
| vs. | ) |
| ERIN RAE ESPINOSA, | ) CR2014-001538-001 |
| Defendant. | ) STATE'S ALLEGATION OF OFFENSES COMMITTED WHILE RELEASED FROM CONFINEMENT PURSUANT TO A.R.S. § 13-708(C) |
| | ) (Assigned to the Honorable Phemonia L Miller, Div. Crdu1-Dui Court) |

The State of Arizona, pursuant to A.R.S. § 13-708(C), and State v. Waggoner, 144 Ariz. 237, 697 P.2d 320 (1985), alleges that the Defendant committed the offenses charged in the Information while on probation, parole, work furlough, community supervision, and\or any other release or escape from confinement for conviction of the felony offense of Aggravated Driving or Actual Physical Control While under the Influence of Intoxicating Liquor or Drugs, with Minor under 15 in Vehicle in CR2009-126740-001.

EXHIBIT 2

Submitted May 21, 2014.

                WILLIAM G MONTGOMERY
                MARICOPA COUNTY ATTORNEY

                BY: /s/ *Richard E Serden*
                     /s/ Richard E Serden
                     Deputy County Attorney

Copy mailed\delivered
May 21, 2014,
to:

The Honorable Phemonia L Miller, Div. Crdu1-Dui Court
Judge of the Superior Court

Richard Coffinger
6838 N 58th Dr
Glendale AZ 85301
Attorney for Defendant

BY: /s/ *Richard E Serden*
    /s/ Richard E Serden
    Deputy County Attorney

2