Erin Rae Espinosa v.
Charles L. Ryan, Director of the Arizona Department of Corrections
and
The Attorney General of the State of Arizona

Case No.

Appendix Exhibit "O" to
Petition for a Writ of Habeas Corpus
Under 28 U.S.C. § 2254 by a Person in State Custody
(Non-Death Penalty)

IN THE
# COURT OF APPEALS
STATE OF ARIZONA
DIVISION ONE

| | | |
|---|---|---|
| STATE OF ARIZONA, | ) | Court of Appeals |
| | ) | Division One |
| Appellee, | ) | No. 1 CA-CR 17-0001 |
| | ) | |
| v. | ) | Maricopa County |
| | ) | Superior Court |
| ERIN RAE ESPINOSA, | ) | No. CR2014-006004-001 |
| | ) | |
| Appellant. | ) | |

**e-Notification of Decision**

**To:**
Linley Wilson
Richard D Coffinger
Lawrence S Koplow
William G Montgomery
Hon Virginia L Richter
Raymond L Billotte

**Date Sent:** March 13, 2018

Please be advised that Division One of the Arizona Court of Appeals has filed a Memorandum Decision in the above-referenced matter. No paper copy will be mailed by the Court. You may obtain an electronic copy at

http://www.azcourts.gov/coa1/SearchDecisions.aspx

(To view your decision, you may search for it by typing in the appropriate search criteria. Alternatively, without selecting any search criteria, you may quickly access the Court's most recent decisions simply by clicking on "recent decisions" at the top right of the page, or by clicking "submit" at the bottom of the page.)

Please do not respond to this email. The email account is not monitored for replies. If you have any questions, please call the Office of the Clerk of the Court at 602-452-6700.

Thank you.

Amy M. Wood
Clerk of the Court of Appeals
Division One

NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

# IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ERIN RAE ESPINOSA, *Appellant.*

No. 1 CA-CR 17-0001
FILED 3-13-2018

Appeal from the Superior Court in Maricopa County
No. CR2014-006004-001
The Honorable Virginia L. Richter, Judge Pro Tem

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Law Office of Richard Coffinger, Glendale
By Richard D. Coffinger
*Co-Counsel for Appellant*

Koplow Law Firm, P.L.L.C., Phoenix
Lawrence S. Koplow
*Co-Counsel for Appellant*

STATE v. ESPINOSA
Decision of the Court

---

### MEMORANDUM DECISION

Presiding Judge Jon W. Thompson delivered the decision of the Court, in which Judge Peter B. Swann and Judge James P. Beene joined.

---

T H O M P S O N, Presiding Judge:

¶1      Erin Rae Espinosa appeals her conviction and sentence for aggravated driving or actual physical control while under the influence of drugs (DUI). For the following reasons, we affirm.

### FACTUAL[1] AND PROCEDURAL HISTORY

¶2      In the afternoon of August 18, 2011, Michelle Murphy waited in her parked car to pick up her daughter from school. Espinosa was also parked in the lane of waiting cars and was five or six feet directly in front of Murphy. After a few minutes, Espinosa's vehicle rolled backwards and collided with Murphy's car. Murphy exited her vehicle to check on Espinosa who appeared "dazed" and responded negatively to Murphy's stated intent to call the police. Before arriving at the school, Murphy had observed Espinosa driving erratically.

¶3      Another parent contacted police officer Kunde who was nearby, and Kunde responded to the scene. As the officer talked with Espinosa through her open driver side window, he noticed an ignition interlock device near the middle console, and Espinosa's vehicle rolled forward and backward a couple times before Kunde directed her to park in the school's driveway. As she pulled away, Espinosa drove over the curb before coming to a stop. When Espinosa exited her vehicle to look for her driver license and registration in the back of the vehicle, she was "very unstable on her feet" and "wobbling[.]" Espinosa informed Kunde that she had not been drinking, but she had taken three doses of her prescribed

---

[1]      We view the facts in the light most favorable to upholding the verdicts and resolve all reasonable inferences against Espinosa. *See State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 2 (App. 2015) (citing *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

STATE v. ESPINOSA
Decision of the Court

clonazepam earlier that day.[2] She did not find her license, which the state subsequently learned was revoked and subject to a number of restrictions.[3]

¶4 Kunde administered field sobriety tests, and Espinosa exhibited numerous signs of impairment. A horizontal gaze nystagmus test revealed six out of six clues of possible neurological impairment. Kunde arrested Espinosa, and after reading her the "admin per se implied consent" form, a phlebotomist obtained Espinosa's consent to draw two samples of blood. The phlebotomist also advised Espinosa of her right to an independent blood test. The state's testing of one of the blood vials indicated an amount of clonazepam approximately twice the upper limit of the therapeutic range. Arguing the warrantless blood draw was not consensual, Espinosa unsuccessfully moved to suppress the blood test results.

¶5 Criminal charges against Espinosa were filed, dismissed, and refiled a number of times. In 2014, after one of the dismissals, the police department destroyed the second vial of Espinosa's blood, which resulted in Espinosa's inability to independently test the blood after she requested to do so in 2016. Espinosa unsuccessfully moved to dismiss — or alternatively to suppress the blood test results — on the purported basis that the state's failure to preserve the second vial violated her due process rights.

¶6 The matter proceeded to jury trial to determine Espinosa's guilt as to one count of aggravated DUI based on an allegation that her driver license was revoked or restricted at the time of the 2011 offense due to a prior DUI conviction. Espinosa testified on cross-examination that, based on her trial attorney's advice before the incident, she did not know her driving privileges were restricted beyond the requirement that an ignition interlock device be installed in her vehicle. See Ariz. Rev. Stat. (A.R.S.) § 28-1402(A) (2012) (driver's child's school not listed among places

---

[2] Clonazepam is a benzodiazepine prescribed to treat seizures, anxiety, and sleeplessness. Dorland's Illustrated Medical Dictionary 329 (25th ed. 1974).

[3] An employee of the Motor Vehicle Division (MVD) testified that a person with a revoked license as a result of a DUI conviction may seek a "special ignition interlock restricted driver license" (SIIRDL) that allows the person to drive during the revocation period subject to a number of restrictions. A SIIRDL is distinct from the statutory requirement that, once the revocation lapses, such drivers must use an ignition interlock device for two years.

3

between which a driver with a SIIRDL is allowed allowed to drive). Given this testimony, the state informed the court that it intended to call Espinosa's attorney as a witness. Finding it would be "appropriate that the State be allowed" to do so, the court addressed Espinosa and noted: "[G]iven that situation, obviously, we can't proceed with [defense counsel] being both your lawyer and witness in you case." Accordingly, the court declared a mistrial and denied Espinosa's request that the case be dismissed with prejudice Espinosa sought special action relief in this court. We declined jurisdiction, and the supreme court denied review. Re-trial commenced in October 2016.

¶7  The jury found Espinosa guilty as charged.[4] As the court clerk read the verdict, Espinosa responded emotionally, repeating "Oh, God. Oh, my God." As a result of the outbursts, the court, without objection, granted the state's motion to empanel a different jury for the trial on the allegation that Espinosa committed the offense while on probation for a felony DUI conviction. The jury found the state proved the allegation, and the court imposed a presumptive 2.5-year prison term with 30 days of presentence incarceration credit. Espinosa timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) (2018), 13-4031 (2010), and -4033(A)(1) (2010).

## DISCUSSION

### I.  Prosecutorial Misconduct

¶8  Espinosa argues the state "willfully engaged in prosecutorial misconduct, by which it gained a tactical advantage, through its deliberate indifference and intentional ignorance of its repeated errors during its three prior grand jury presentations against appellant." She also summarily asserts the prosecutor engaged in misconduct by arguing a theory of guilt at trial that was different from the theory pursued at the preliminary hearing and by making a "frivolous motion" to call defense counsel to testify. Espinosa additionally contends the prosecutor deliberately misled the jury during opening statements and closing arguments regarding (1) the date "this case" started, (2) the number of times the state filed charges against her, (3) the fact that, at the time of the incident, Espinosa was on probation for "an offense" without clarifying that the offense was a felony; (4) a misstatement of law; and (5) a stipulation that purportedly did not

---

4  At the end of trial, the court instructed the jury on the lesser included offense of DUI.

STATE v. ESPINOSA
Decision of the Court

exist. Finally, Espinosa claims: "Reckless prosecutorial misconduct by destruction of [Espinosa's] blood sample prior to trial."

¶9 Espinosa does not properly develop these arguments. She generally does not indicate where in the record she objected on prosecutorial misconduct grounds, and she cites no applicable supporting authority. Accordingly, Espinosa has abandoned and waived these issues. *See State v. Carver*, 160 Ariz. 167, 175 (1989) ("In Arizona, opening briefs must present significant arguments, supported by authority, setting forth an appellant's position on the issues raised. Failure to argue a claim usually constitutes abandonment and waiver of that claim."); *State v. Lindner*, 227 Ariz. 69, 70 n.1, ¶ 3 (App. 2010) (appellate court will not address a defendant's undeveloped arguments).

¶10 Espinosa also contends the prosecutor engaged in misconduct during rebuttal closing argument by making disparaging comments about defense counsel. Such comments include:

> [T]he defense's job is to create reasonable doubt in your mind[,] . . . they try to distract your attention[.] What the defense normally tries to do is . . . to deflect your attention to matters which really aren't part of that list. . . . [The witness] almost had these crammed down his throat. . . . Ladies and gentlemen, distraction.

¶11 To prevail on a claim of prosecutorial misconduct, a defendant must demonstrate that the prosecutor's misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). "Reversal on the basis of prosecutorial misconduct requires that the conduct be 'so pronounced and persistent that it permeates the entire atmosphere of the trial.'" *State v. Atwood*, 171 Ariz. 576, 611 (1992) (quoting *United States v. Weinstein*, 762 F.2d 1522, 1542 (11th Cir. 1985) (quoting *United States v. Blevins*, 555 F.2d 1236, 1240 (5th Cir. 1977))); *see also State v. Lee*, 189 Ariz. 608, 616 (1997).

¶12 When considering a motion for a mistrial based on prosecutorial misconduct, a trial court should first consider whether the prosecutor's statements called jurors' attention to matters the jury was not justified in considering to reach its verdict, and the court then considers the impact those statements had on the jury. *Lee*, 189 Ariz. at 616. "Jury argument that impugns the integrity or honesty of opposing counsel is . . . improper." *State v. Hughes*, 193 Ariz. 72, 86, ¶ 59 (1998). However,

STATE v. ESPINOSA
Decision of the Court

"[c]riticism of defense theories and tactics is a proper subject of closing argument." *United States v. Sayetsitty*, 107 F.3d 1405, 1409 (9th Cir. 1997).

¶13  Applying the foregoing principles to the challenged statements in this case, we conclude that the prosecutor's comments were not improper. *See State v. Jones*, 197 Ariz. 290, 305, ¶ 37 (2000) ("Excessive and emotional language is the bread and butter weapon of counsel's forensic arsenal, limited by the principle that attorneys are not permitted to introduce or comment upon evidence which has not previously been offered and placed before the jury."); *State v. Amaya-Ruiz*, 166 Ariz. 152, 171-72 (1990) (determining prosecutor's arguments that defense counsel "blind-sided witnesses," created a "smoke screen," and relied on "innuendo and inference" to support her "outrageous" argument was "not improper"). No misconduct occurred.

## II. Judicial Estoppel

¶14  In relevant part, a person commits aggravated DUI if the person commits DUI while his or her "driver license or privilege to drive is . . . revoked . . . or while a restriction is placed on the person's driver license as a result" of a prior DUI conviction. A.R.S. § 28-1383(A)(1) (2012). At trial, the state argued Espinosa, at the time of the incident, had restricted driving privileges and her driver license was revoked due to a prior DUI conviction.

¶15  Espinosa argues the trial court erred in instructing the jury as follows:

### Driver[] License Revoked or Restricted As a Result of a Prior DUI Conviction

> The state has introduced two alternative theories of its case. While the theories are alternative, they are not mutually exclusive. You do not have to unanimously agree on a theory, but you must unanimously agree on a verdict.

¶16  According to Espinosa, she objected to the instruction at trial, but she fails to cite the portion of the record containing such an objection.[5]

---

[5]  As Espinosa does multiple times in her opening brief, instead of arguing the trial court erred in a particular respect, she improperly recites verbatim arguments made in a motion for new trial, or she attempts to incorporate by reference arguments she made in a petition for special action. *See* Ariz. R. Crim. P. 31.10(a)(7)(A) ("An appellant's opening brief

STATE v. ESPINOSA
Decision of the Court

Instead, she refers to an unsuccessful motion to preclude filed during her first trial—again without citation to the record—in which she apparently sought "to preclude [the state] from presenting at trial [] argument and evidence in support of its alternative legal theory that [the state] had waived at [Espinosa's] preliminary hearing, in violation of the doctrine of judicial estoppel." Espinosa made the same argument in her petition for special action.

¶17         Espinosa appears to argue the state should have been estopped from presenting evidence at trial that her driving privileges were restricted at the time of the incident because, at the preliminary hearing, the state focused on Espinosa's revoked license as the basis for the aggravated DUI charge. Espinosa cites no authority to support this contention; therefore, it is waived. In any event, Espinosa's argument is without merit. The record reflects that, *before* the state purportedly waived its "license restricted" argument at the preliminary hearing, the court found the state established probable cause:

> [Prosecutor]: [H]er privilege to drive was revoked and it had a restriction on it at the same time. And so under either one of those theories, the State has presented the Court with sufficient evidence from [sic] the Court's probable cause.
>
> . . .
>
> THE COURT: . . . The Court does find probable cause. Does the Defendant have an offer of proof?
>
> [Defense counsel]: No, Your Honor.
>
> THE COURT: Okay. And I will explain, the 1402 is not— it's— 1402 is essentially what gives the person the permission to drive. Yes. It is restrictions, but it is restrictions on permission to drive that is granted under that statute when someone has in this case a revocation as a result of one of the statutes listed in 1383([A])(1). And the statute does not require that someone be in violation of the restriction in order to be guilty of an

---

must set forth. . . appellant's contentions with supporting reasons for each contention, and with citations of legal authorities . . . on which the appellant relies."); *see also State v. Moody*, 208 Ariz. 424, 452 n.9, ¶ 101 (2004) ("In Arizona, opening briefs must present *significant* arguments, supported by authority, setting forth an appellant's position on the issues raised.") (internal quotation marks and citation omitted) (emphasis added).

7

STATE v. ESPINOSA
Decision of the Court

aggravated DUI. I'm just explaining my ruling. I've made my ruling.

[Defense counsel]: I know you have, but I just wanted to make sure that you realized. You said that her prior was for one of those three statutes; it wasn't. Her prior was for a 1383 and that isn't one of the listed statutes. 1381, 1382, 1385. Her prior's for 1383. That's not one of the prior restriction—one of the prior statutes.

[Prosecutor]: To make the Court's job easier, Your Honor, I'm not reiterating the restricted argument. I'm just stating I'm relying on the revocation argument.

¶18            Based on the timing of the state's alleged waiver relative to the court's finding of probable cause, Espinosa cannot establish one of the requirements for judicial estoppel to apply; namely, that the probable cause determination was a result of the "waiver." *See State v. Towery*, 186 Ariz. 168, 182-83 (1996) ("Three requirements must exist before the court can apply judicial estoppel: (1) the parties must be the same, (2) the question involved must be the same, and (3) the party asserting the inconsistent position must have been successful in the prior judicial proceeding. . . . The prior position was successfully maintained only if the party gained judicial relief as a result of asserting the particular position in the first proceeding.").

### III.   Motion to Strike

¶19            As she did in her petition for special action, Espinosa next asserts the trial court erred by denying her motion to strike the state's sentence enhancement allegation that she committed the offense while on probation for a felony DUI conviction. She contends the allegation was improper because her prior conviction for a class 6 undesignated offense was designated a misdemeanor on April 23, 2012, which was before the state filed the current charge and alleged the sentence enhancement factor. Espinosa has waived this argument because she provides no citation to the record to support her factual assertion. Further, Espinosa's claim fails on the merits. The applicable date for determining the proper designation of her prior felony conviction is the date of the offense in this case, not the date the state filed the charges or the sentence enhancement allegation. The record reflects that on September 28, 2010, the superior court imposed two years of probation for two class 6 undesignated felony DUI convictions. Thus, absent anything in the record indicating the contrary, which Espinosa

8

STATE v. ESPINOSA
Decision of the Court

does not provide, Espinosa was on felony probation for a prior DUI at the time she committed the current offense. *See* A.R.S. § 13-604(A) ("The [undesignated] offense shall be treated as a felony for all purposes until such time as the court may actually enter an order designating the offense a misdemeanor.").

### IV.   Motion to Dismiss with Prejudice; Rule 20 Motion

**¶20**     Repeating an argument raised in her petition for special action, Espinosa asserts the trial court erred by *sua sponte* declaring a mistrial. According to Espinosa, the court should have granted her motion to dismiss with prejudice because she did not consent to the mistrial and no manifest necessity existed to support such a remedy. By conducting a second trial, Espinosa contends the trial court violated the Fifth Amendment's prohibition against double jeopardy. We review a trial court's decision granting a new trial for abuse of discretion. *State v. Melcher*, 15 Ariz. App. 157, 161 (1971).

**¶21**     The court did not err in declaring a mistrial and permitting a re-trial. By testifying that defense counsel's advice prior to the incident led her to believe picking her children up from school was a permissible exercise of her restricted driving privileges, Espinosa squarely placed her attorney's advice at issue. *See State v. Williams*, 144 Ariz. 487, 488 (1985) (conviction for aggravated DUI requires that defendant knew or should have known driver license was suspended or revoked). As the trial court correctly noted, Espinosa's testimony "created the need for the state to call [defense counsel] as a witness[] to address the essential element of knowledge[,] [and defense counsel] clearly cannot act as both attorney and witness." *See* Ariz. R. Sup. Ct. 42, ER 3.7(a) (generally prohibiting trial counsel from testifying as a witness). The record reflects Espinosa did not provide alternatives to a mistrial when the court gave her the opportunity to do so. Under these circumstances, a manifest necessity existed for a mistrial and Espinosa's consent was not required. *See State v. Givens*, 161 Ariz. 278, 279 (App. 1989) ("A mistrial declared because of manifest necessity does not bar a new trial. . . . In fact, where for reasons deemed compelling by the trial judge the ends of substantial justice cannot be attained without discontinuing the trial, a mistrial may be declared without the defendant's consent and even over his objection, and he may be retried consistently with the Fifth Amendment."); *see also State v. Caldwell*, 117 Ariz. 464, 471 (1977) ("When defense counsel has reason to believe that he will be called as a witness, the burden is upon him to propose the solution of his withdrawing from the case.").

STATE v. ESPINOSA
Decision of the Court

¶22     Espinosa also contends the trial court erred in denying her motion for judgment of acquittal made pursuant to Arizona Rule of Criminal Procedure 20. Espinosa appears to argue that the state presented insufficient evidence that her driver license was revoked at the time of the incident.

¶23     We review de novo a trial court's denial of a Rule 20 motion. *State v. Bible*, 175 Ariz. 549, 595 (1993). "A judgment of acquittal is appropriate when 'no substantial evidence [exists] to warrant a conviction.'" *State v. Nunez*, 167 Ariz. 272, 278 (1991) (quoting *State v. Clabourne*, 142 Ariz. 335, 345 (1984)); *see also* Ariz. R. Crim. P. 20(a). "Substantial evidence is proof that reasonable persons could accept as sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *State v. Spears*, 184 Ariz. 277, 290 (1996).

¶24     Substantial evidence supports a conclusion that Espinosa's driver license was revoked *and* restricted at the time of the incident. *See* A.R.S. § 28-1383 (A)(1) ("A person is guilty of aggravated [DUI] if the person . . . [c]ommits a [DUI] while the person's driver license or privilege to drive is suspended, canceled, revoked or refused or while a restriction is placed on the person's driver license or privilege to drive as a result [of a prior DUI conviction]."). A custodian of MVD records testified that, commencing October 18, 2010, Espinosa's driver license was revoked for 36 months, and on March 8, 2011, Espinosa applied for and received a SIIRDL, which allowed her to drive during the revocation period. The court did not err in denying Espinosa's Rule 20 motion.

## V.     Motion to Suppress Blood Test Results

¶25     Espinosa argued in her motion to suppress the blood test results that the admin per se read to her was unduly coercive, resulting in her involuntary consent to draw the blood. Thus, Espinosa asserted, the warrantless blood draw violated her rights under the Fourth Amendment. In making this argument, Espinosa focused on the language in the admin per se form that "required" her to submit to a blood test. In response, the state relied on *State v. Brito*, 183 Ariz. 535 (App. 1995), *abrogated by State v. Valenzuela*, 183 Ariz. 535 (2016). In *Brito*, this court held that the same "require to submit" language that Espinosa challenged in the admin per se did "not misstate the law[.]" *Id.* at 539. We also reviewed the record for fundamental error and did not find the "requirement" language resulted in Fourth Amendment violations. *Id.*; *Valenzuela*, 239 Ariz. at 309, ¶ 32.

STATE v. ESPINOSA
Decision of the Court

**¶26**         On April 26, 2016, the Arizona Supreme Court issued its opinion in *Valenzuela* abrogating *Brito*. 239 Ariz. at 309, ¶ 33. In doing so, the Court held that "consent given solely in acquiescence to the admonition used here and in *Brito* is not free and voluntary under the Fourth Amendment and cannot excuse the failure to secure a warrant." *Id.* The Court concluded, however, that the officer who read the admin per se to Valenzuela was following "binding precedent [i.e. *Brito*] that had sanctioned the use of the admonition . . . , and the good faith exception [to the exclusionary rule] therefore applies." *Id.* Accordingly, the Court affirmed the trial court's denial of Valenzuela's motion to suppress breath and blood test results that the state used to secure two DUI convictions. *Id.* at 301-02, 310, ¶¶ 5-6, 35

**¶27**         The same day the Court issued *Valenzuela*, Espinosa filed her second motion in the trial court seeking reconsideration—in light of *Valenzuela's* holding—of the court's denial of her motion to suppress. Espinosa also argued that the state had waived any argument that the good faith exception would apply in this case by failing to raise such an argument in response to Espinosa's motion to suppress and first motion for reconsideration. Agreeing with the state that the good faith exception applied to render admissible the blood test results, the court declined to reconsider its order denying the motion to suppress.

**¶28**         Espinosa argues the court erred in failing to reconsider the denial of her suppression motion. Espinosa appears to repeat her contention that the state waived its good faith exception argument by failing to raise it in response to the motion to suppress or in response to Espinosa's first motion for reconsideration.

**¶29**         We reject this argument. When the state responded to the motion to suppress, and when Espinosa first moved for reconsideration, our supreme court had yet to publish *Valenzuela* and overturn *Brito*. *Brito* was, therefore, good law at the time, and the state would have no reason to argue for application of the good faith exception. By arguing for application of the good faith exception in its post-*Valenzuela* response to Espinosa's second motion for reconsideration, the state properly preserved the issue. The trial court did not abuse its discretion.[6] *State v. Smith*, 203 Ariz. 75, 79,

---

[6]    Espinosa's reliance on *Brown v. McClennen*, 239 Ariz. 521 (2016), is misplaced. In that case, the Arizona Supreme Court found the state had waived an argument by raising it for the first time at oral argument *before the supreme court*, not for failing to raise it at trial. *Id.* at 525, ¶ 16 (2016).

STATE v. ESPINOSA
Decision of the Court

¶ 12 (2002) (exercising discretion to address merits of arguments that were arguably waived).

## VI. Destruction of Blood Kit Evidence

**¶30**  Espinosa argues the trial court should have granted her motion to dismiss or, alternatively, to suppress the blood test evidence because the state violated its duty to preserve until trial the second sample of her blood so she could independently test it. "We defer to the superior court's factual findings, but we review its legal conclusions de novo." *State v. Storholm*, 210 Ariz. 199, 200, ¶ 7 (App. 2005).

**¶31**  To provide context, the record reveals the following. Espinosa did not request the blood sample from the state until August 12, 2016, almost five years after the DUI incident. In response to Espinosa's request, the state, not knowing the sample had been destroyed, immediately took steps to assist Espinosa in obtaining the sample from police, including forwarding to her a release authorization form. On the day Espinosa requested the second blood sample directly from police, the parties first learned that the sample no longer existed. The record indicates police destroyed the blood kit based on previous prosecutors inadvertently notifying them by way of a disposition notice in September 2014 (Disposition Notice) that a case filed in 2013 against Espinosa stemming from the same driving incident had been dismissed with prejudice.

**¶32**  Espinosa's argument that the state had a duty to preserve the second blood sample is unavailing. The phlebotomist advised Espinosa at the time of the blood draw of her right to have her "blood drawn and tested by an independent source[.]" Thus, Espinosa knew at the time of her arrest that she had an opportunity to obtain an independently drawn blood sample for testing. This opportunity is all that due process requires. *See* A.R.S. § 28-1388(C) (2012) ("The [DUI suspect who is] tested shall be given a reasonable opportunity to arrange for any . . . qualified person of the person's own choosing to administer a test or tests in addition to any administered at the direction of a law enforcement officer."); *State v. Olcan*, 204 Ariz. 181, 184, ¶ 11 (App. 2003) ("[Section 28-1388(C)] grants a defendant a reasonable opportunity to arrange for a competent person to draw an independent sample of the defendant's blood and analyze that sample regardless whether the state has collected, analyzed, and preserved a portion of the defendant's blood."). Espinosa apparently chose not to seek an independent blood draw, and she points to nothing in the record indicating the state improperly interfered with her attempt, if any, to do so. Indeed, the phlebotomist recommended a nearby medical center where

STATE v. ESPINOSA
Decision of the Court

Espinosa could have her blood drawn and tested. *Cf. Oshrin v. Coulter*, 142 Ariz. 109, 111 (1984) (holding due process violation occurs when DUI suspect requests at the time police collect a breath sample that they keep an extra sample for independent testing, charges are subsequently dropped, and the extra breath sample is destroyed before charges are re-filed); *Amos v. Bowen*, 143 Ariz. 324, 326-29 (App. 1984) (affirming dismissal of DUI charges with prejudice where defendant requested independent blood draw at time of arrest and, while transporting defendant to a medical center to obtain the sample, police officer investigated separate criminal matter for two hours).

¶33        Espinosa's reliance on case law is unhelpful. In *State v. Kemp*, 168 Ariz. 334 (1991), the supreme court held that if police preserve a sample of a DUI suspect's blood for independent testing until trial, they "need not advise the suspect of his right to obtain a portion of the same sample for independent testing, at least when the sample taken by law enforcement officers will still be available for testing by the defendant at the time of trial." *Id.* at 336-37. Here, Espinosa was advised of her right to obtain her own blood sample. Accordingly, *Kemp* is irrelevant. *State v. Velasco*, 165 Ariz. 480 (1990), and *State v. Sanchez*, 192 Ariz. 454 (App. 1998), are also inapplicable. Those cases addressed the state's former obligations regarding preservation of DUI suspects' *breath* samples. *Velasco*, 165 Ariz. at 488; *Sanchez*, 192 Ariz. at 481. Moreover, due process does not require law enforcement to provide DUI suspects their own breath samples for independent testing. *Storholm*, 210 Ariz. at 200, ¶ 8.

¶34        Because Espinosa had an unfettered opportunity to obtain an independent blood sample for testing, the state did not violate her due process rights by inadvertently destroying the second blood sample. The trial court, therefore, did not err by denying Espinosa's motion. *See* A.R.S. § 28-1388(C) ("The failure or inability to obtain an additional test by a person does not preclude the admission of evidence relating to the test or tests taken at the direction of a law enforcement officer.").

VII.    Rulings Regarding Discovery Issues, Motion to Quash, Jury Instructions, Motion to Preclude, and Motion for Procedural Orders

¶35        After learning of the blood kit's unavailability, Espinosa sought, pursuant to Arizona Rule of Criminal Procedure 15.1(g), an order permitting her to interview the prosecutors who issued the Disposition Notice. Specifically, Espinosa wanted to interview the prosecutors "regarding the normal procedure for the issuance of a Dispo Form by MCAO, and the specific circumstances surrounding [the issuance and

13

approval] of [the Disposition Notice]." The court denied the supplemental discovery motion, finding Espinosa failed to show that the interviews would lead to the production of relevant evidence or that she had a substantial need for the interviews in order to prepare her case. *See* Ariz. R. Crim. P. 15.1(g)(1). Nevertheless, on the first day of trial, Espinosa served the trial prosecutor and one of the prosecutors who issued the Disposition Notice with subpoenas commanding them to appear and testify at trial. The state successfully moved to quash the subpoenas.

¶36      Espinosa argues the court erred in denying her Rule 15.1(g) motion and quashing the subpoenas. We disagree. Whatever procedures the county attorney's office employs to issue disposition notices were irrelevant in this DUI case. Espinosa does not argue that the Disposition Notice was issued in bad faith; indeed, the record indicates the contrary. *See supra*, ¶ 31. As a result, no abuse of discretion occurred. *See State v. Tuzon*, 118 Ariz. 205, 208 (1978) ("It is within the discretion of the trial court to decide whether a defendant may require a prosecuting attorney to testify in his behalf. . . . Calling a prosecutor as a witness for the defendant inevitably confuses the distinctions between advocate and witness, argument and testimony, and should be permitted only if required by a compelling need."); *State v. Bernini*, 222 Ariz. 607, 611, ¶ 8 (App. 2009) (noting a trial court is in the best position to rule on discovery requests, and we therefore evaluate discovery rulings for an abuse of discretion).

¶37      Espinosa challenges the trial court's denial of her request to define "under the influence" for the jury. Espinosa appears to contend the requested instruction was required because it "has been used in DUI cases for more than 50 years . . . [and was] approved by the supreme court in *Hasten v. State*, 35 Ariz. 427 (1929) and *Weston v. State*, 49 Ariz. 183 (1937)." We review for abuse of discretion. *State v. Bolton*, 182 Ariz. 290, 297 (1995).

¶38      Espinosa requested the following instruction:

> The State charges the defendant with having driven a motor vehicle within this state while under the influence of a drug. Because a person has taken a drug and then drives an automobile does not mean that he or she was driving under the influence of the drug. The mere fact that a driver has taken one or more doses of a drug does not place him or her in violation of the law unless his or her taking the drug has some influence upon his or her ability to handle a motor vehicle.

14

STATE v. ESPINOSA
Decision of the Court

One is guilty of the crime of driving while under the influence of a drug if his or her control of the motor vehicle is to the slightest degree impaired by his or her consumption of the drug. However, if his or her taking of a drug does not cause the person to be influenced in the ordinary and well-understood meaning of the terms, he or she is not violating the law. According to the law in this state, a person is under the influence of a drug if to some degree he or she is less able either physically or mentally to exercise the clear judgment and steady hand necessary to handle a motor vehicle with safety to the person and to the public.

You cannot return a verdict of guilty of the charge unless you are convinced beyond a reasonable doubt that whatever amount of drug the defendant may have taken, and whenever he or she may have taken it, that such amount did have an influence upon him or her and lessened in some degree his or her ability to operate a motor vehicle.

¶39            Instead of giving the requested instruction, the court gave the following:

### Aggravated Driving While Under the Influence

The crime of aggravated driving while under the influence requires proof that:

1) the defendant drove a vehicle in this state;

2) the defendant was under the influence of any drug at the time of driving;

3) the defendant was impaired to the slightest degree by reason of being under the influence of any drug;

4) the defendant's license or privilege to drive was revoked or restricted for a prior DUI conviction at the time the defendant was driving; and

5) the defendant knew or should have known that her license or privilege to drive was revoked or restricted for a prior DUI conviction at the time of driving.

STATE v. ESPINOSA
Decision of the Court

¶40          The instruction given accurately reflects Arizona law, and Espinosa does not argue to the contrary. *See* A.R.S. §§ 28-1381(A)(1) (2012). 1383(A)(1); *see also State v. Noriega*, 187 Ariz. 282, 284 (App. 1996) ("The purpose of jury instructions is to inform the jury of the applicable law in understandable terms."). Espinosa also does not explain how the given instruction prejudiced her. Absent prejudice, we will not find reversible error. *See State v. Rosas-Hernandez*, 202 Ariz. 212, 220, ¶ 31 (App. 2002) ("The failure to give an instruction is not reversible error unless it is prejudicial to the defendant and the prejudice appears in the record.").

¶41          Espinosa next argues the court erred in denying her motion to preclude the commissioner who presided over Espinosa's prior DUI trial from testifying during the state's rebuttal at the trial on the sentence enhancement allegation in this case. The record reflects, however, that the state did not call the commissioner to testify. This issue, therefore, is moot.[7]

¶42          Finally, Espinosa raises two additional challenges to the trial court's rulings denying requests she made during the sentence enhancement trial. However, Espinosa merely summarizes the substance of her requests; she makes no argument to support her assertion that "[r]eversible error [occurred.]" These challenges therefore are waived.

---

7      Espinosa does not argue, as she did in the trial court, that the denial of her motion to preclude caused her to refuse to testify at the enhancement allegation hearing. Consequently, Espinosa has abandoned this argument. *See Carver*, 160 Ariz. at 175.

16

STATE v. ESPINOSA
Decision of the Court

## CONCLUSION

¶43     Espinosa's conviction and sentence are affirmed. We decline her invitation to publish this decision as an opinion.



AMY M. WOOD • Clerk of the Court
FILED: AA

17