**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erin Rae Espinosa, | No. 2:18-CV-02479-RM |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

Pending before the Court is Petitioner Erin Rae Espinosa's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) On March 6, 2020, Magistrate Judge D. Thomas Ferraro issued a Report and Recommendation ("R&R"), recommending that the § 2254 Petition be denied. (Doc. 29.) Petitioner filed an Objection (Doc. 30), to which Respondents filed a Reply (Doc. 32). Petitioner also filed a Notice of Supplemental Authority pertaining to the prosecutorial misconduct arguments raised in Ground One of her Petition. (Doc. 31.) For the following reasons, the Objection will be overruled, the R&R adopted, and the § 2254 Petition denied.

**I.     Background**

In November 2014, the State of Arizona charged Petitioner with one count of aggravated driving under the influence ("DUI"). (Doc. 21-1 at 3-4.) The Arizona Court of Appeals summarized the evidence underlying Petitioner's offense as follows:[1]

---

[1] The state court's factual findings are entitled to a presumption of correctness pursuant to 28 U.S.C. § 2254(e)(1). Petitioner has the burden of rebutting the presumption of correctness with clear and convincing evidence. *Runningeagle v. Ryan*, 686 F.3d 758, 762 n.1 (9th Cir. 2012).

> ¶2 In the afternoon of August 18, 2011, Michelle Murphy waited in her parked car to pick up her daughter from school. Espinosa was also parked in the lane of waiting cars and was five or six feet directly in front of Murphy. After a few minutes, Espinosa's vehicle rolled backwards and collided with Murphy's car. Murphy exited her vehicle to check on Espinosa who appeared "dazed" and responded negatively to Murphy's stated intent to call the police. Before arriving at the school, Murphy had observed Espinosa driving erratically.
>
> ¶3 Another parent contacted police officer Kunde who was nearby, and Kunde responded to the scene. As the officer talked with Espinosa through her open driver side window, he noticed an ignition interlock device near the middle console, and Espinosa's vehicle rolled forward and backward a couple times before Kunde directed her to park in the school's driveway. As she pulled away, Espinosa drove over the curb before coming to a stop. When Espinosa exited her vehicle to look for her driver license and registration in the back of the vehicle, she was "very unstable on her feet" and "wobbling[.]" Espinosa informed Kunde that she had not been drinking, but she had taken three doses of her prescribed clonazepam earlier that day.[] She did not find her license, which the state subsequently learned was revoked and subject to a number of restrictions.[]
>
> ¶4 Kunde administered field sobriety tests, and Espinosa exhibited numerous signs of impairment. A horizontal gaze nystagmus test revealed six out of six clues of possible neurological impairment. Kunde arrested Espinosa, and after reading her the "admin per se implied consent" form, a phlebotomist obtained Espinosa's consent to draw two samples of blood. The phlebotomist also advised Espinosa of her right to an independent blood test. The state's testing of one of the blood vials indicated an amount of clonazepam approximately twice the upper limit of the therapeutic range.

(Doc. 21-3 at 67-8.) In October 2016, the sixth time the State had brought and then dismissed the same DUI charge, a jury found Petitioner guilty of one count of aggravated DUI and determined that she committed the offense while on probation for a felony offense. (Doc. 21-1 at 13-15, Doc. 26 at 21.) The trial court sentenced Petitioner to a

presumptive term of 2.5 years of imprisonment with thirty days presentence incarceration credit. (Doc. 21-1 at 17-21.)

Petitioner timely appealed her conviction. (*Id*. at 23-5.) On appeal, Petitioner presented seven claims. (*Id*. at 27-103.) On March 13, 2018, the Arizona Court of Appeals issued a memorandum decision denying Petitioner's claims and affirming her conviction and sentence. (Doc. 21-3 at 66-82.) Petitioner filed a petition for review in the Arizona Supreme court, and the Supreme Court denied review on August 31, 2018. (*Id*. at 84-97, 99, 112.) A few weeks prior, on August 8, 2018, Petitioner filed the instant Petition, which is timely pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Doc. 1, Doc. 29 at 4.)

By Order dated August 28, 2018, District Judge Diane J. Humetewa dismissed the claims alleged in Ground Two and Part One of Ground Three because Petitioner failed to identify any federal basis for them. (Doc. 8; *see also* Doc. 1 at 42-64.) Accordingly, the Petition presents four remaining grounds for relief: (1) the prosecutor committed "numerous intentional acts of prosecutorial misconduct" that violated Petitioner's right to due process (Ground One) (Doc. 1 at 23-36); (2) the trial court erred when it denied Petitioner's motion for a directed verdict of acquittal pursuant to Rule 20 of the Arizona Rules of Criminal Procedure because the evidence was insufficient (Part Two of Ground Three) (*id*. at 59-64); (3) the trial court erred when it denied reconsidering its ruling denying Petitioner's motion to suppress evidence because the State had waived its alternative argument, pursuant to A.R.S. § 13-3925, that the good faith exception applied (Ground Four) (*id*. at 64-70); and (4) the trial court erred when it denied Petitioner's motion for alternative relief, including dismissal of the charge with prejudice, based on the State's violation of its duty to preserve a blood sample for Petitioner's independent chemical analysis (Ground Five) (*id*. at 70-74).

On December 6, 2018, Respondents filed a Limited Answer to the Petition. (Doc. 21.) In the Limited Answer, Respondents argue that Ground One should be denied because all except for one of the claims alleged (that the prosecutor committed misconduct during

rebuttal closing argument) are technically exhausted but procedurally defaulted without excuse. (*Id*. at 6-12.) They further argue that the remaining claim in Ground One lacks merit and the Arizona Court of Appeals' rejection of it was a reasonable application of clearly established federal law. (*Id*. at 20-25.) Respondents argue that Part Two of Ground Three should be denied because it is procedurally defaulted without excuse. (*Id*. at 5-9, 12-17.) Respondents argue that Ground Four should be denied because it is precluded from habeas review pursuant to *Stone v. Powell*, 428 U.S. 465 (1976) and is properly characterized as a state law claim and not a Fourth Amendment claim. (*Id*. at 18-20.) Lastly, Respondents argue that Ground Five should be denied because it is without merit and the Arizona Court of Appeals' rejection of it was a reasonable application of clearly established federal law. (*Id*. at 20-27.)

On February 10, 2019, Petitioner filed a Reply. (Doc. 26.) In the Reply, Petitioner argues that the State's procedural default argument lacks merit for two reasons: (1) the state courts did not impose a procedural bar that this Court should respect under the adequate and independent state grounds doctrine and (2) Petitioner can show good cause and a fundamental miscarriage of justice to excuse any procedural default. (*Id*.) Petitioner further argues that the State has waived any argument on the merits of her claims by failing to adequately address the prejudice prong of the cause-and-prejudice aspect of its procedural-default defense. (*Id*.)

Prior to issuance of the R&R, Petitioner filed two supplemental notices of authority. (Docs. 27, 28.) Petitioner filed a third supplemental notice of authority after issuance of the R&R. (Doc. 31.)

## II. Standard of Review

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by a magistrate judge. 28 U.S.C. § 636(b)(1). The district judge must "make a de novo determination of those portions" of the magistrate judge's "report or specified proposed findings or recommendations to which objection is made." *Id.* The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that,

"[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

### III. Report and Recommendation

The R&R first addresses Petitioner's claim in Ground Four, alleging that the Arizona Court of Appeals erred in determining that the State did not waive its good faith exception argument with respect to Petitioner's motion to suppress blood test results. (Doc. 29 at 4-8; *see also* Doc. 1 at 64-70.) The R&R recognizes that federal habeas relief is unavailable on a state prisoner's Fourth Amendment claim if the prisoner had an opportunity to litigate the claim in state court, and it finds that "[i]t is undisputed that Petitioner litigated her motion to suppress the results of her blood alcohol test in the trial court." (Doc. 29 at 4-5.) The R&R quotes the Arizona Court of Appeals' holding that the State had not waived its good faith exception argument with respect to the motion to suppress. (Doc. 29 at 5-6.) The R&R considers the two main federal cases relied on by Petitioner, *Miranda v. Leibach*, 394 F.3d 984 (7th Cir. 2005) and *Gamble v. State of Oklahoma*, 583 F.2d 1161 (10th Cir. 1978), but finds that they do not support Petitioner's argument that Arizona courts have inconsistently applied the waiver-of-argument rule. (*Id.* at 6-8.) The R&R further determines that Petitioner's claim in Ground Four does not concern the state court's Fourth Amendment analysis but, rather, the proper remedy under Arizona law for the alleged violation of her Fourth Amendment rights. (*Id*. at 7-8.) Because federal relief does not lie for errors of state law, *Estelle v. McGuire*, 502 U.S. 62, 57-8 (1991), the R&R concludes that the claim is barred from federal habeas review. (*Id*. at 8.) Even "generously construing" the claim as a Fourth Amendment claim, the R&R finds it barred by *Stone v. Powell*. (*Id*.)

The R&R next finds that Petitioner's claims in Ground One (except the claim of prosecutorial misconduct during rebuttal closing argument, which it addresses on the merits) and Part Two of Ground Three are procedurally defaulted. (*Id.* at 8-15.) The R&R quotes the Arizona Court of Appeals' finding that Petitioner had waived and abandoned all but one of the prosecutorial misconduct claims asserted in Ground One by failing to properly develop the arguments, failing to cite to applicable supporting authority, and failing to indicate where in the record she objected on prosecutorial misconduct grounds. (*Id.* at 11-12.) In finding waiver, the Arizona Court of Appeals relied on Ariz. R. Crim. P. 31.13(c)(1)(vi) (renumbered effective January 1, 2018 as Rule 31.10(a)(7)). (*Id.* at 12.) The R&R considers whether the application of Rule 31.10(a)(7) is firmly established and regularly followed in Arizona such that it is an adequate and independent state law ground precluding federal habeas review and finds that it is. (*Id.*) The R&R accordingly finds that the claims alleged in Ground One (except for the claim alleging prosecutorial misconduct during rebuttal closing argument) are technically exhausted but procedurally defaulted. (*Id.* at 13, 17.)

The R&R also finds that Part Two of Ground Three, in which Petitioner alleges that the trial court erred when it denied her motion to dismiss and for a directed verdict pursuant to Rule 20 of the Arizona Rules of Criminal Procedure, is procedurally defaulted. (*Id.* at 13-15.) After reviewing the Arizona Court of Appeals' ruling affirming the trial court's denial of Petitioner's Rule 20 motion, the R&R finds that Petitioner did not fairly present Part Two of Ground Three to the Arizona Court of Appeals because she presented an insufficient evidence claim under Arizona law rather than a due process sufficiency of evidence claim. (*Id.* at 13-14.)

Next, the R&R finds that Petitioner cannot return to state court to exhaust the claims in Ground One and Part Two of Ground Three because Ariz. R. Crim. P. 32.2(a)(3) would operate to bar those claims. (*Id.* at 14-15.) The R&R then considers whether the procedurally defaulted claims in Ground One and Part Two of Ground Three can be excused through a showing of cause and prejudice or a fundamental miscarriage of justice,

1    and finds that, Petitioner's arguments notwithstanding, they cannot. (*Id*. at 15-18.)

2    Lastly, the R&R addresses Petitioner's exhausted claim in Ground One and the claim in Ground Five on their merits. (*Id*. at 18.) The R&R applies the standard set forth in AEDPA for determining whether habeas relief is available for a claim that was adjudicated on the merits in state court. (*Id*. at 18-19.) The R&R, upon review of the Arizona Court of Appeals' discussion and rejection of the claim in Ground One alleging prosecutorial misconduct during rebuttal closing argument, determines that Petitioner failed to argue that the Arizona Court of Appeals unreasonably applied United States Supreme Court precedent with respect to that claim. (*Id*. at 20-21.) The R&R goes on to analyze the claim in Ground One under *Darden v. Wainwright*, 477 U.S. 168 (1986), which sets forth the clearly established federal law applicable to a prosecutor's allegedly improper comments for purposes of AEDPA review, and finds that Petitioner has not satisfied AEDPA's standard of showing that the Arizona Court of Appeals' resolution of the claim was contrary to, or an unreasonable application of, clearly established federal law. (*Id*. at 21-22.)

In Ground Five, Petitioner alleges that the trial court erred when it denied her motion to dismiss based on the State's failure to preserve a sample of her blood for her independent chemical analysis. (*Id*. at 22-3.) The Arizona Court of Appeals addressed that claim on the merits on direct appeal and held that "Because [Petitioner] had an unfettered opportunity to obtain an independent blood sample for testing, the state did not violate her due process rights by inadvertently destroying the second blood sample." (*Id*. at 23-4.) The R&R finds that the claim raised in Ground Five of the Petition fails to explain how the Arizona Court of Appeals' decision is contrary to, or involved an unreasonable application of, clearly established federal law in violation of AEDPA. (*Id*. at 24-5.) The R&R determines that the Arizona Court of Appeals did not unreasonably apply federal law when it found that Petitioner's due process rights were satisfied. (*Id*. at 25.) The R&R further finds that there is no clearly established federal law imposing a duty on the state to collect potentially exculpatory evidence, and even if there was, Petitioner is not entitled to habeas relief on her claim in Ground Five because she cannot show the requisite bad faith and materiality

of the evidence pursuant to *Miller v. Vasquez*, 868 F.2d 1116, 1120 (9th Cir. 1989) (citing *Arizona v. Youngblood*, 488 U.S. 51 (1988)). (*Id.*)

### IV. Discussion

Petitioner filed an Objection to the R&R (Doc. 30), to which Respondents replied (Doc. 32). In her Objection, Petitioner argues that the R&R erred in multiple ways. (Doc. 30.)

### a. Objection One

First, Petitioner argues that the R&R includes the false statement that Petitioner's license had been "revoked and restricted at the time of the incident" as a result of a prior DUI conviction. (Doc. 30 at 2; Doc. 29 at 14.) This statement, which Petitioner contends is unsupported by the record of the state court appellate proceedings, is found in the Arizona Court of Appeals' Memorandum Decision and quoted in the R&R. (Doc. 29 at 14; Doc. 21-3 at 75.) Petitioner appears to dispute whether her driver's license was revoked and restricted, as well as whether the revocation or restriction resulted from a prior DUI conviction. Petitioner recounts testimony of custodians of Motor Vehicle Division records indicating that her driver's license was restricted at the time of the incident, although there appears to be a lack of clarity around whether it was revoked, and whether the restriction was due to a DUI conviction. Petitioner has not explained how any potential confusion around whether her license was revoked, restricted, or both, affected the outcome of her case. In her Reply to the Limited Answer (Doc. 26), she attached a copy of the trial court jury instructions, which provide that the State had to show beyond a reasonable doubt that Petitioner's license was either revoked or restricted, but not both. (Doc. 26-1 at 24-28.) Furthermore, Petitioner does not explain how her Objection undermines the R&R's recommended resolution of any of her habeas claims. The Objection appears to relate to Part Two of Ground Three, alleging that the trial court erred when it denied Petitioner's motion for a directed verdict of acquittal. However, the Objection does not affect the R&R's conclusion that Petitioner failed to present Part Two of Ground Three as a federal constitutional claim to the state courts.

### b. Objection Two

Next, Petitioner argues that the R&R "omits numerous factual and procedural matters established by the record that are necessary for a full and fair determination of Petitioner's prosecutorial misconduct claim and her denial of due process claim." (Doc. 30 at 3.) Petitioner identifies two "factual and procedural matters," the omission of which she contends constitutes error in the R&R: one, that the State's five prior cases against Petitioner for the same DUI offense were all dismissed, without prejudice, on the State's motion,[2] and two, the details surrounding the State's destruction of her blood kit in September 2014, over 60 days before Petitioner's second jury trial, which prevented her from obtaining an independent test. (*Id*.)

The R&R finds that all but one of Petitioner's prosecutorial misconduct claims are procedurally defaulted, based upon the Arizona Court of Appeals' finding that the claims had been waived because they were not properly developed. (Doc. 29 at 11-13.) Petitioner does not explain how the R&R's procedural default analysis is undermined by its failure to discuss the fact that the State's five prior cases against Petitioner for the same DUI offense were dismissed without prejudice. The R&R's omission of this fact does not show any error in the R&R's conclusion that all but one of Petitioner's prosecutorial misconduct claims are procedurally defaulted.

As for the R&R's alleged omission of the factual details surrounding the State's destruction of Petitioner's blood kit before she could independently test it, Petitioner has not specifically explained how or why the R&R's findings on Ground Five (Doc. 29 at 22-26) are in error. (Doc. 30 at 3-4.) Petitioner incorporates by reference pages 11 through 23 of her Petition, which set forth the procedural and factual background of the case. (*Id*. at 4.) On de novo review, this Court finds no error in the R&R's recitation of the factual background regarding Ground Five. (*See* Doc. 29 at 22-3.) Nor has Petitioner met her burden of rebutting, by clear and convincing evidence, the presumption of correctness of

---

[2] With respect to the first alleged omission, Petitioner states that she incorporates by reference pages 12 through 15 of her Reply (Doc. 26), but she quotes page 12 of her Petition and it appears that she intended to incorporate the factual background set forth in pages 12 through 15 of the Petition (Doc. 1).

the state court's factual findings regarding the destruction of her blood kit. (Doc. 71-3 at 77-78); 28 U.S.C. § 2254(e)(1); *see also Runningeagle v. Ryan*, 686 F.3d 758, 762 n.1 (9th Cir. 2012).

### c. Objection Three

Petitioner contends that the R&R erred in rejecting her argument that she qualifies for an exception to the Fourth Amendment preclusion rule established in *Stone v. Powell*, 428 U.S. 465 (1976). (Doc. 30 at 4.) Petitioner argues that she is entitled to habeas relief on her claim in Ground Four because the Arizona Court of Appeals "did not provide an opportunity for full and fair litigation" of her Fourth Amendment claim. (*Id.*) Petitioner essentially argues that the Court of Appeals misapplied state law when it found that the State had not waived its argument that the good faith exception applied to render admissible Petitioner's blood test results. (*Id.* at 4-6.) Petitioner discusses the Arizona cases *State v. Valenzuela*, 239 Ariz. 229 (2016) and *Brown v. McClennan*, 239 Ariz. 529 (2016), which she contend support her argument that the Arizona Court of Appeals should have found that the State waived the good faith exception argument by not raising it at the appropriate time. (*Id.* at 4-5.)

"Where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that the evidence obtained in an unconstitutional search or seizure was introduced at [her] trial." *Stone*, 428 U.S. at 494-95. "The relevant inquiry is whether petitioner had the opportunity to litigate [her] claim, not whether [she] in fact did so or even whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). Although Petitioner claims that the state court's treatment of her claim in Ground Four was not a "fair" opportunity to litigate the claim, she provides no support for this argument beyond disputing the state court's application of state waiver law. (Doc. 30 at 4-5.) Essentially, Petitioner disagrees with the conclusion reached by the state court and is attempting to characterize that disagreement as a federal habeas claim. However, whether or not Petitioner's Fourth Amendment claim was correctly decided by the state courts is

- 10 -

1 not the issue before this Court.

2 Petitioner further contends that the R&R erred when it rejected her arguments based on *Miranda v. Leibach*, 394 F.3d 984 (7th Cir 2005) and *Gamble v. State of Oklahoma*, 583 F.2d 1161 (10th Cir. 1978). (*Id.* at 6.) Petitioner argues that the R&R misapplies *Miranda* because in that case, "the court held that petitioner—not the prosecutor—had made the waiver, based upon petitioner's express concession of waiver before the Illinois Appellate Court." (*Id.*) The Court agrees with this reading of the case, but Petitioner's Objection does not explain how or why the fact that the petitioner and not the prosecutor in *Miranda* was found to have waived an argument undermines the R&R's application of *Miranda*. This Court agrees with the R&R that *Miranda* does not support Petitioner's argument that Arizona courts have inconsistently applied the "waiver of argument" rule. The R&R does not misapply *Miranda*.

Nor does the R&R misapply *Gamble*. The Objection on this point makes no effort to explain to this Court how or why the R&R's interpretation of *Gamble* is erroneous. (Doc. 30 at 6.) The Objection states that "Petitioner cited *State v. Brita* [supra] and five other Arizona appellate court opinions holding that the state waives an argument in opposition to a criminal defendant's motion by failing to preserve the argument in response to the motion." Petitioner is again disputing the state court's interpretation and application of Arizona state law. But "federal habeas corpus relief does not lie for errors of state law." *Estelle*, 502 U.S. at 67.

Petitioner further objects that the R&R erred when it quoted A.R.S. § 13-3925(c), which provides an exception to the suppression of evidence "if the court determines that the evidence was seized by a peace officer as a result of a good faith mistake or technical violation." (*Id.*) Petitioner contends that this statute "merely codified under state law the U.S. Supreme Court's holding in *U.S. v. Leon*, 468 U.S. 897 (1984)." However, this argument was not raised before the magistrate judge. *See Farquhar v. Jones*, 141 F. App'x 539, 540 (9th Cir. 2005) (district court properly declined to address issue raised for first time in objection to a magistrate judge's report and recommendation). Even if this Court

- 11 -

were to consider Petitioner's argument, it does not undermine the R&R's finding that Petitioner had a full and fair opportunity to litigate her Fourth Amendment claim in state court and, thus, that the claim is barred by *Stone*. Nor does it undermine the R&R's conclusion that Petitioner's contention that the State waived its good faith exception argument is merely a contention that the state court misapplied state waiver law, and that federal habeas corpus relief does not lie for such an alleged misapplication of state law.

### d. Objection Four

Petitioner next objects to the R&R's treatment of her prosecutorial misconduct claims. (Doc. 30 at 6-7.) She complains that "the R&R does not include a discussion of any of the unbelievable specific instances of reckless and willful prosecutorial misconduct" and goes on to list those instances. (*Id.*) She further complains that the R&R does not discuss "the special responsibilities of a prosecutor," the "cumulative or combined effect of prosecutorial misconduct which she argued on pages 21-22 of her Reply," or her "actual innocence claim which she included on page 25-27 of her Reply." (*Id.* at 7.) She also incorporates by reference arguments from pages 12-13 of her Reply.

This Court finds no error in the R&R's treatment of Petitioner's prosecutorial misconduct claims raised in Ground One, all but one of which the R&R finds to be procedurally defaulted without excuse. (Doc. 29 at 8-13.)[3] Petitioner's complaints that the R&R included an insufficient level of detail in discussing the factual and procedural background of her prosecutorial misconduct claims does not show any error in the R&R's procedural default determination. Petitioner argues on pages 12-13 of her Reply that a discussion of the merits of her claims is required as part of the prejudice prong of the cause-and-prejudice showing to excuse a procedural default, relying upon *Martinez v. Ryan*, 566 U.S. 1 (2012). (*Id.* at 12-13.) However, as the R&R recognizes, *Martinez* is inapplicable

---

[3] Petitioner's Third Notice of Supplemental Authority, filed after the R&R was issued, cites a March 24, 2020 opinion by the Arizona Court of Appeals in *State of Arizona v. Jodi Ann Arias*, case number 1 CA-CR 15-0302. (Doc. 31.) Petitioner states that the discussion of prosecutorial conduct in that case supports Petitioner's prosecutorial misconduct claims in Ground One. (*Id.*) However, the Notice of Supplemental Authority does not explain how or why *Arias* supports Petitioner's arguments, nor does it point out how or where the R&R erred in its analysis of Ground One.

because Petitioner has not raised a claim of ineffective assistance of counsel. (Doc. 29 at 16-17.) The R&R did not err by failing to address the merits of Petitioner's procedurally defaulted prosecutorial misconduct claims. Nor did the R&R err by failing to address the cumulative effect of the alleged prosecutorial misconduct, since all but one of the prosecutorial misconduct claims are procedurally defaulted.

Petitioner also argues on pages 12-13 of her Reply that the State's "repeated acts of prosecutorial misconduct" qualify as a fundamental miscarriage of justice to excuse a procedural default. (*Id.* at 12.) She also raises an actual innocence claim on pages 25-27 of her Reply and submits four exhibits that she alleges establish actual innocence. The R&R rejected Petitioner's fundamental miscarriage of justice argument, finding that Petitioner had failed to show "that, considering new evidence, 'it is more likely than not that no reasonable juror would have convicted [her].'" (Doc. 29 at 18 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).) Petitioner's Objection does not address this analysis. Petitioner's allegations of prosecutorial misconduct do not establish actual innocence for purposes of the fundamental miscarriage of justice exception. Furthermore, on de novo review, the Court agrees with the R&R that Petitioner has failed to present new evidence showing that no reasonable juror would have convicted her of aggravated DUI.

### e. Objection Five

Petitioner contends that the R&R erred when it found that Petitioner's claim raised in Part Two of Ground Three was procedurally defaulted because Petitioner did not fairly present the federal constitutional claim to the state courts. (Doc. 30 at 7-8; *see also* Doc. 29 at 14.) The R&R states, "While there may be similarities between Petitioner's insufficient evidence claim under Arizona law and a due process sufficiency of evidence claim, 'raising a state claim that is merely similar to a federal claim does not exhaust state remedies.'" (*Id.* (quoting *Fields v. Waddington*, 401 F.3d 1018, 1022 (9th Cir. 2005).) Petitioner's Objection reasserts the argument raised in her Reply that Ariz. R. Crim. P. 20 "is inextricably interwoven with the right to jury trial guaranteed by the Sixth Amendment." (Doc. 26 at 29-30.)

1       The R&R correctly found that Petitioner failed to raise a federal law basis for the claim in Part Two of Ground Three before the Arizona Court of Appeals. (Doc. 29 at 13-14, Doc. 21-3 at 75.) "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). Petitioner's argument concerning Ariz. R. Crim. P. 20 being "interwoven" with the right to a jury trial guaranteed by the Sixth Amendment erroneously relies upon case law that does not address exhaustion but, rather, addresses the issue of whether a state court decision rests on an independent and adequate state law ground. (Doc. 26 at 29 (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991); *Michigan v. Long*, 463 U.S. 1032, 1040 (1983).) Petitioner's Objection does not undermine the R&R's conclusion that Petitioner failed to exhaust Part Two of Ground Three and that the claim is procedurally defaulted.

      **f. Objection Six**

      Petitioner argues that the R&R erred in rejecting the claim raised in Ground Five of her Petition. (Doc. 30 at 8-9.) In Ground Five, Petitioner argues that the trial court erred when it denied Petitioner's motion for alternative relief, including dismissal of the charge with prejudice and suppression of the evidence, based on the State's violation of its duty to preserve a blood sample for Petitioner's independent chemical analysis. *Supra* at 3. The Arizona Court of Appeals addressed this argument on the merits and rejected it, finding that "[b]ecause [Petitioner] had an unfettered opportunity to obtain an independent blood sample for testing, the state did not violate her due process rights by inadvertently destroying the second blood sample" and therefore the trial court did not err in denying her motions for relief on that issue. (Doc. 21-3 at 77-8, Doc. 29 at 23-5.)

      The R&R recognizes Petitioner's argument that the Arizona Court of Appeals' analysis conflicts with *Arizona v. Youngblood*, 488 U.S. 51 (1988). (Doc. 29 at 24.) However, the R&R finds that Petitioner fails to explain how the Arizona Court of Appeals' decision is contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. (*Id.* at 25); 28 U.S.C. §

2254(d) (The availability of habeas relief for a claim adjudicated on the merits is limited to circumstances where the state court's disposition either (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding"). The R&R applies *Youngblood* to Petitioner's claim, as well as *California v. Trombetta*, 467 U.S. 479, 488-89 (1984) and finds that neither *Youngblood* nor *Trombetta* imposes a duty on the State to obtain potentially exculpatory evidence. (*Id.*) The R&R further finds that Petitioner is not entitled to habeas relief on Ground Five in the absence of any clearly established federal law imposing a duty on the state to collect potentially exculpatory evidence. (*Id.*); *Wright v. Van Patten*, 552 U.S. 120, 125-6 (2008) (a state court's decision on an issue cannot be contrary to or an unreasonable application of federal law when there is no clearly established federal law directly addressing the issue). The R&R finds that Petitioner has not set forth any clearly established federal law which the state court unreasonably applied to Petitioner's claim that the trial court erred in denying Petitioner relief due to the destruction of the blood sample; accordingly, the R&R finds that Petitioner is not entitled to habeas relief on Ground Five. (*Id.*)

Petitioner objects that the R&R misapplies *Youngblood*. (Doc. 30 at 9.) Petitioner further objects that the R&R fails to address *State of Arizona v. Robert Angel Gomez*, 246 Ariz. 237 (App. Div. 1, 2019), which Petitioner submitted as supplemental authority. (*Id.*, Doc. 27.)[4]

In *Trombetta*, law enforcement officers used an Intoxilyzer to measure the concentration of alcohol in the breath of the respondents, who were each charged with driving while intoxicated after the Intoxilyzer registered blood-alcohol concentrations substantially higher than 0.10 percent. 467 U.S. at 481-82. The law enforcement officers did not preserve samples of the respondents' breath. *Id.* at 482. The United States Supreme

---

[4] As noted *supra*, federal relief does not lie for errors of state law. *Estelle*, 502 U.S. at 57-58 (1991). Accordingly, the Court will not address this aspect of Petitioner's Objection.

- 15 -

1  Court held that due process "does not require that law enforcement agencies preserve
2  breath samples in order to introduce the results of breath-analysis tests at trial." *Id.* at 491.
3  In reaching that conclusion, the Court noted that there was no evidence that the State
4  destroyed the respondents' breath samples in bad faith, the breath samples were more likely
5  to provide inculpatory rather than exculpatory evidence, and the respondents did not lack
6  other reasonably available means of obtaining comparable evidence. *Id.* at 488-90.

7  In *Youngblood*, the respondent was convicted by a jury of child molestation, sexual
8  assault, and kidnapping. 488 U.S. at 52. The Arizona Court of Appeals reversed his
9  conviction on the ground that the State had failed to preserve semen samples from the
10 victim's body and clothing. *Id.* (citing 153 Ariz. 50, 734 P.2d 592 (1986)). The Supreme
11 Court "granted certiorari to consider the extent to which the Due Process Clause of the
12 Fourteenth Amendment requires the State to preserve evidentiary material that might be
13 useful to a criminal defendant." *Id.* The Court held that "unless a criminal defendant can
14 show bad faith on the part of the police, failure to preserve potentially useful evidence does
15 not constitute a denial of due process of law." *Id.* at 58. The Court found that the State's
16 failure to preserve evidence—in that case, semen samples and clothing—that could have
17 potentially exonerated respondent did not violate due process. *Id.* at 57-8 (refusing to read
18 the "fundamental fairness" requirement of the Due Process clause as "imposing on the
19 police an undifferentiated and absolute duty to retain and to preserve all material that might
20 be of conceivable evidentiary significance in a particular prosecution").

21 Petitioner argues that *Youngblood* applies to the instant case and notes factual
22 distinctions, in particular, the fact that here, the State was allowed to introduce the results
23 of the Petitioner's blood test (which yielded an analysis of 94 nanograms of clonazepam),
24 whereas in *Youngblood*, the State did not use the test results in its case-in-chief. (Doc. 30
25 at 9.) Petitioner also argues that the State prevented her from obtaining an independent
26 drug content analysis. (*Id.*) However, this assertion is belied by the record, which shows
27 that at the time of Petitioner's blood draw, the phlebotomist advised her that she had the
28 right to have her blood drawn and tested by an independent source, and further shows that

Petitioner did not request the blood sample from the State until almost five years after the DUI incident giving rise to this case. (Doc. 21-3 at 77.) While there are factual distinctions between the instant case and *Youngblood*, Petitioner's arguments do not convince this Court that *Youngblood*'s holding—that, absent bad faith, a failure to preserve potentially exculpatory evidence is not a denial of due process—does not apply to this case. Moreover, Petitioner's Objection does not argue that the R&R erred in finding that the Arizona Court of Appeals did not unreasonably apply *Youngblood*. Neither *Youngblood* nor *Trombetta* supports Petitioner's claim in Ground Five, and Petitioner has not shown that the Arizona Court of Appeals unreasonably applied clearly established federal law when it held that the State's destruction of Petitioner's blood sample did not violate due process.

### g. Objection Seven

Petitioner also objects that the R&R fails to address *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which Petitioner submitted as supplemental authority. (Doc. 30 at 9-10; Doc. 28.) *Rehaif* holds that a federal sentencing statute authorizing imprisonment for up to ten years for a person who "knowingly" violates a separate statutory provision listing nine categories of individuals who cannot lawfully possess firearms, requires the person to know both that he possessed a firearm and that he "knew he had the relevant status when he possessed [the firearm]." 139 S. Ct. at 2194 (holding that the word "knowingly" applies to both the defendant's conduct and status). Petitioner's Second Notice of Supplemental Authority quotes language from the *Rehaif* opinion that she contends supports her arguments in Ground One and Part Two of Ground Three. (Doc. 28.) However, Petitioner does not explain how or why *Rehaif* supports these claims. Fed. R. Civ. P. 72(b)(2) (requiring "specific objections" to the R&R). Nor does Petitioner explain how *Rehaif* supports a finding that the R&R erred. *Id*.

### h. Certificate of Appealability

The Court has reviewed Magistrate Judge D. Thomas Ferraro's Report and Recommendation, the parties' briefs, and the record. The Court finds no error in Magistrate Judge Ferraro's Report and Recommendation. Accordingly, the Court will accept and

adopt the R&R, and deny the § 2254 Petition.

Petitioner requests a certificate of appealability. (Doc. 30 at 10.) Before Petitioner can appeal this Court's judgment, a certificate of appealability must issue. *See* 28 U.S.C. §2253(c); Fed. R. App. P. 22(b)(1). A certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). In the certificate, the court must indicate which specific issues satisfy this showing. *See* 28 U.S.C. §2253(c)(3). A substantial showing is made if "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner," of if "the issues presented were adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (internal quotation omitted). Upon review of the record in light of the standards for granting a certificate of appealability, the Court concludes that a certificate shall not issue, as the resolution of the Petition is not debatable among reasonable jurists and does not deserve further proceedings.

Accordingly,

**IT IS ORDERED** that Defendant's Objection (Doc. 30) is **overruled**, and the Report and Recommendation (Doc. 29) is **accepted and adopted**, as set forth above.

**IT IS FURTHER ORDERED** that the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 1) is **denied**, and this action is **dismissed**. The Clerk of Court is directed to enter judgment accordingly and close this case.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** that, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, that the Court declines to issue a certificate of appealability, because reasonable jurists would not find the Court's ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 478, 484 (2000).

Dated this 24th day of July, 2020.

_____
Honorable Rosemary Márquez
United States District Judge